**WEN SU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 05–1421–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

Wen Su, Woodhaven, New York, for Petitioner, pro se.

Michael J. Garcia, United States Attorney, Peter M. Skinner and Kathy S. Marks, Assistant United States Attorneys, Southern District of New York, New York, New York, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Wen Su, *pro se*, petitions for review of the BIA's February 2005 decision in which the BIA affirmed Immigration Judge ("IJ") Philip L. Morace's order denying Su's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering him removed. We assume the parties' familiarity with the underlying facts and the procedural history of the petition.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

There was substantial evidence supporting the IJ's finding that Su's testimony was not credible, in particular, the significant inconsistencies between his testimony and statements made during his airport and "credible fear" interviews. Upon arriving at the airport, Su stated that, although he had been arrested in China for practicing Falun Gong, he had never practiced it and that the Chinese authorities mistakenly believed that he did because he "went to a gathering with some friends and .... signed a paper." A week later, during his credible fear interview, Su reiterated his claim that he did not practice Falun Gong in China. Again, he stated that the Chinese authorities "were going to arrest [him] because [he] signed a paper stating that [he] was Falun Gong," even though he did not practice it. In his application, as noted by the IJ, Su altered his story, claiming for the first time that he in fact practiced Falun Gong in China. During his testimony, Su also asserted that he began practicing Falun Gong in September 2001. The IJ reasonably concluded that Su's explanation for these inconsistencies—that, during his interview, the interpreter must have made a mistake or that there was too much noise and confusion—was inadequate.

An IJ may rely on airport statements in deciding an applicant's credibility if "the record of the interview indicates that it

716

presents an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004)(citing *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir.1998)). The IJ appropriately relied on these inconsistencies, which go to the heart of Su's claim. It was also reasonable for the IJ to conclude that Su's explanations for altering his testimony in support of his application were inadequate.

In finding Su not to be credible, the IJ similarly properly relied on the inconsistencies between Su's testimony and Zhou's letter submitted in support of Su's application. As the IJ found, the letter contradicted Su's testimony that he practiced Falun Gong in China. Indeed, the letter stated that Zhou and Su were "framed" and "knew nothing about Falun Gong." Su's contention—that Zhou misrepresented the true state of affairs because he was afraid of the Chinese government reading his letter—was rejected by the IJ, who noted that it is counter-intuitive that Zhou would lie in the letter in order to protect himself from the authorities, but claim that he was "framed," which "seem[s] to indicate unfairness or corruption on the part of government officials."

The IJ also had a reasonable basis to conclude that Su's testimony lacked sufficient detail with respect to his practice of Falun Gong. Specifically, the IJ found that, despite Su's alleged efforts to practice Falun Gong in China, once he arrived in the United States, he has not done so. And the IJ noted that Su could not answer general questions about Falun Gong, instead providing inconsistent statements regarding when Falun Gong was first banned in China. This all adds support both for the IJ's conclusion as to Su's credibility and his ultimate conclusion that Su was not entitled to asylum.

Issues not raised in briefs are considered waived and will not normally be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998). Because Su did not argue his CAT claim to us, the claim is deemed waived. *Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).